NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA CHARLTON and GARY FRANCIONE, | |
| Plaintiffs, | Civil Case No. 11-6572 (FSH) |
| v. | **ORDER** |
| WELLS FARGO BANK, N.A., *et al.*, | Date: February 18, 2015 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Report & Recommendation of the Honorable Michael A. Hammer, United States Magistrate Judge, filed on January 28, 2015 (Dkt. No. 138), recommending that the Court grant Plaintiffs' motion for partial summary judgment (Dkt. No. 108) and deny Defendants' motions and cross-motion for summary judgment (Dkt. Nos. 106, 107, 117); and

it appearing that this matter arises out of injuries sustained by Plaintiff Anna Charlton when she slipped on a piece of broken glass in the second-floor bathroom of a residential property in South Orange, New Jersey, that she and her husband, Plaintiff Gary Francione, were viewing with a real estate agent, (Am. Compl., Dkt. No. 30, ¶¶ 1–2, 19–22); and that Plaintiffs filed this action seeking damages and loss of consortium, (Am. Compl. ¶¶ 24, 26); and

it appearing that on July 11, 2014, motions for summary judgment were filed by Defendant Field Assert Services (Dkt. No. 106) and Defendants American Home Mortgage Servicing, Inc. and Wells Fargo Bank, N.A., (Dkt. No. 107) and a motion for partial summary judgment was filed by Plaintiffs (Dkt. No. 108); and that on July 22, 2014, a cross-motion for summary judgment was

filed by Defendants Century 21 Gemini, LLC, and Glenn Miller, (Dkt. No. 117); and

it appearing that on July 16, 2014, this Court referred the parties' motions for summary judgment to Magistrate Judge Hammer (Dkt. No. 111); and

it appearing that Magistrate Judge Hammer submitted a Report and Recommendation on January 28, 2015; that the Report and Recommendation adequately synthesizes the factual record, properly applies the relevant legal standards under Federal Rule of Civil Procedure 56(a) to the parties' competing arguments, and appropriately concludes that only Plaintiffs' motion for partial summary judgment may be granted on the basis of the factual record;

it appearing that Defendant Field Asset Services ("FAS") filed an objection to Magistrate Judge Hammer's Report and Recommendation on February 10, 2015, (Dkt. No. 139), but that neither Plaintiffs nor any other Defendant has objected to the Report and Recommendation; and

the Court having reviewed the Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636 and L. Civ. R. 72.1;[1] and for good cause shown,

---

[1] Reviewing the record *de novo*, the Court finds that FAS owed Plaintiffs a duty of care to prevent against reasonably foreseeable injury. Whether one party owes another a duty is a question of law, *Wang v. Allstate Ins. Co.*, 592 A.2d 527, 534 (N.J. 1991), that is made by weighing several factors, including "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110, 1116 (N.J. 1993).
 FAS had an opportunity and the ability to exercise care. FAS had contracted to perform various repair and preservation services on the property, including to perform "janitorial services," such as "mop[ping] and vacuum[ing] of all floors." (Pennington Decl., Ex. A, Dkt. No. 124-2.) In fact, FAS had a specific opportunity to exercise care prior to the allegedly negligence-caused accident, as shown by the FAS Service History, evidencing that the property had been serviced by one of FAS's contractors just days before Plaintiff Charlton suffered injury. (Pennington Decl., Ex. B, Dkt. No. 124-3.) FAS objects to the Report and Recommendation's finding that FAS contracted to "routinely sweeping, mopping, and vacuuming" the property. That FAS contracted to perform these services on request does not make such performance any less routine. "Routinely" is not synonymous with "constantly and continuously," and this Court is not persuaded by FAS to read it as such. FAS clearly contracted to perform janitorial and maintenance work "to bring the property to a marketable condition for showing to prospective buyers." (Pennington Decl., Ex. A.)

**IT IS** this 18th day of February, 2015,

**ORDERED** that the Report and Recommendation of Magistrate Judge Hammer filed on January 28, 2015 (Dkt. No. 138) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' motion for partial summary judgment (Dkt. No. 108) is **GRANTED**; and it is further

**ORDERED** that Defendants' motions (Dkt. Nos. 106, 107) and cross-motion for summary judgment (Dkt. No. 117) are **DENIED**.

---

Entering a contract, as FAS did, may give rise to affirmative duties such as to exercise care to prevent reasonably foreseeable injuries. *See Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268 (N.J. 2002). FAS objects to the Report and Recommendation's reliance on this principle of law and suggests that *Gillette v. Lipinski Snow Services* is more on point. In *Gillette*, a court found that a plow operator, contracted to clean the public areas surrounding a building of snow and ice, did not have a duty to a non-contractual party who slipped and fell on a patch of ice. No. L-3431-05, 2008 WL 4057919, at *4 (N.J. Super. Ct. App. Div. Aug. 28, 2008). This Court finds *Gillette* is better distinguished. In *Gillette*, the attendant risk was in a state of constant flux, given the ephemeral nature of snow and ice, whereas here the attendant risk—potentially hazardous debris left on the floors of the property—was more static. In fact, the *Gillette* court cites a contractual provision acknowledging the plow operator's inability to absolutely guard against risk given expectations that snow and ice may thaw and refreeze to recreate potentially dangerous conditions, *id.* at *1, but here FAS cites no such contractual limitations. Moreover, although neither the contractor in *Gillette* nor FAS here were in privity with the injured plaintiffs, FAS explicitly contracted to clean the property for "prospective buyers" such as Plaintiffs. The class of "prospective buyers" is a necessarily limited group. Imposing a duty on the plow operator in *Gillette* to the entire public would have been nearly limitless and arguably against public interest, but given the closed nature of the property and the limited class of "prospective buyers," no such arguments are apt here. In fact, the cases discussed by the *Gillette* court that imposed on subcontractors, who had contractually performed construction work inside buildings, a duty of care to prevent injury to third parties are more on point. *See Aronsohn v. Mandara*, 484 A.2d 675 (1984); *Bacak v. Hogya*, 73 A.2d 167 (N.J. 1950).

Reviewing the record *de novo*, the Court concurs with Magistrate Judge Hammer's finding that FAS owed Plaintiffs a duty of care to prevent against reasonably foreseeable injury.

3

**IT IS SO ORDERED.**


**/s/ Faith S. Hochberg**
**Hon. Faith S. Hochberg, U.S.D.J.**